IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO MARTINEZ     TDCJ-CID #1768942 | § § | |
| v. | § § | C.A. NO. C-11-081 |
| OFFICER FLORES, ET AL. | § | |

**OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), and he is currently incarcerated at the Jester IV Unit in Richmond, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending are Defendants' motions for summary judgment. (D.E. 53, 54). Plaintiff has failed to file a response.[1] For the reasons that follow, Defendants' motions for summary judgment are granted, and this action is dismissed.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the parties, (D.E. 6, 34), the case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 35); see also 28 U.S.C. § 636(c).

## II. PROCEDURAL BACKGROUND

Plaintiff filed this action on March 24, 2011 concerning an encounter with Defendant Robert Flores, an officer with the Nueces County Sheriff's Office, alleging excessive force during an arrest. (D.E. 1). On April 21, 2011, Defendants Flores and Nueces County submitted

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

their answer. (D.E. 5). In the meantime, Plaintiff was indicted for assault on a public servant, (D.E. 53-7, at 1), but was found incompetent to stand trial by the 347th Judicial District Court of Nueces County, Texas. (D.E. 17). This Court subsequently issued an order on July 14, 2011 temporarily staying this action pending Plaintiff's competency evaluation. (D.E. 19).

In a January 24, 2012 hearing, the parties informed the Court that the criminal case had been set for trial after it was determined that Plaintiff was competent to stand trial. Both Defendants and Plaintiff's guardian ad litem agreed to wait until after the conclusion of the criminal trial before proceeding in this civil action. On January 31, 2012, a jury found Plaintiff guilty of assaulting a public servant, and he agreed to a sentence of five years imprisonment by the TDCJ. (D.E. 43).

On March 12, 2012, Defendants filed their motions for summary judgment. (D.E. 53, 54). No response pertaining to these motions was filed by Plaintiff.

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff essentially claims that on May 11, 2010, Defendant Flores utilized excessive force against him by assaulting him in accordance with a custom, policy, or practice of the Nueces County Sheriff's Office. (D.E. 1).

### IV.  SUMMARY JUDGMENT EVIDENCE

Defendants offer the following documents in support of their motion for summary judgment:

Exhibit A:   Affidavit of Alissa Anne Adkins;

Exhibit B:   Affidavit of Jay Worthington, with attached video recording depicting the May 11, 2010 incident;

Exhibit C:   Incident/Investigation Report involving the May 11, 2010 incident;

Exhibit D:   Affidavit of Peter B. Peralta, with attached jail file;

      Exhibit E:      Photographs of Robert Flores;

      Exhibit F:      Criminal Docket Sheet;

      Exhibit G:      Criminal Indictment;

      Exhibit H:      Charge of Court, including signed Verdict Form;

      Exhibit I:      Election for Punishment;

      Exhibit J:      Judgment of Conviction by Jury;

      Exhibit K:      Criminal Case Search;

      Exhibit L:      Affidavit of Peter B. Peralta, with attached Use of Force Policy;

      Exhibit M:      Affidavit of Lance Cooper;

      Exhibit N:      Affidavit of Peter B. Peralta, with attached Jail Grievance Policy;

      Exhibit O:      Affidavit of Peter B. Peralta, with attached Inmate Rules and Regulations;

      Exhibit P:      Booking Sheets from Nueces County.

(D.E. 53-1, at 3). To the extent that the parties do not disagree on the material facts forming the basis of this action, the summary judgment evidence establishes the following:

      On May 10, 2010, Plaintiff was arrested on an outstanding warrant and taken into custody by deputies with the Nueces County Sheriff. (D.E. 53-4, at 4, 12). The next day, he was in a holding cell when a nurse offered to give him medication. (D.E. 1, at 1; D.E. 53-3, at 7). He refused to take the medicine and demanded that the nurse provide him with his correct medication. (D.E. 1, at 1; D.E. 53-3, at 7). Plaintiff and Defendant Flores, who was escorting the nurse, then became engaged in a physical struggle. (D.E. 1, at 2; D.E. 53-3, at 7). No formal grievances were filed by Plaintiff with the Nueces County Jail. (D.E. 53-4, at 1-49).

Following this incident, Plaintiff was named in a criminal indictment for assault on a public servant. (D.E. 53-7, at 1). After a jury trial, he was found guilty and sentenced to five years imprisonment. (D.E. 53-10, at 1).

## V.  DISCUSSION

Defendants move for summary judgment on the basis that Plaintiff's claims are barred because any judgment rendered in his favor would imply the invalidity of his conviction. (D.E. 53, at 7; D.E. 54, at 7). Because the conviction has not yet been invalidated, they submit that he cannot proceed with his assault and excessive force claims. (D.E. 53, at 7; D.E. 54, at 7).

**A.    The Legal Standard For A Summary Judgment Motion.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l

Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(c)(1); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Plaintiff's Claims Are Barred By Heck v. Humphrey.**

Plaintiff was convicted of assault on a public servant for choking Officer Flores during the encounter in the Nueces County Sheriff's Office. (D.E. 53-7, at 1; D.E. 53-10, at 1). Defendants assert that Plaintiff's claims against them are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a ruling in his favor "would nullify the jury's finding in the state criminal proceedings that he assaulted Officer Flores." (D.E. 53, at 7; D.E. 54, at 7).

The Heck Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." 512 U.S. at 486-87. The Fifth Circuit has explained that "[i]t

is well-settled under Heck that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008) (quoting Heck, 512 U.S. at 486-87). Thus, unless "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim," a plaintiff must show that his conviction has been overturned in order to pursue a § 1983 claim. Id. at 498.

Plaintiff was indicted for assaulting a public servant on May 11, 2010 for "intentionally, knowingly, or recklessly caus[ing] bodily injury to Robert Flores by impeding the airway of Robert Flores ... know[ing] that the said Robert Flores was ... a public servant." (D.E. 53-7, at 1). He was convicted of that very charge, (D.E. 53-10, at 1), and he has not alleged that this conviction was overturned.

By pursuing this action, Plaintiff is essentially contesting the facts underlying his indictment and conviction. In DeLeon v. City of Corpus Christi, 488 F.3d 649 (5th Cir. 2007), the Fifth Circuit held that a plaintiff's § 1983 claim for excessive force was barred by his guilty plea to aggravated assault on a public servant because his claim was predicated on his innocence of the assault. Id. at 656-57. As the court explained, "the complaint maintains that he did nothing wrong, that he simply defended himself, against mace, baton, and then gun, as the violence escalated." Id. at 656. Likewise, Plaintiff maintains that Defendant Flores was the true aggressor during the struggle that formed the factual basis of both his assault conviction and his civil complaint:

> [A]ll of a sudden [Defendant Flores] attacks me with the steel metal door and I put my left hand on the door to prevent harm and he claims I attacked him that is a lie then he runs inside the cubicle cell and tackles me assaulting me with his body ... to prevent

> further imminent harm when I was loosing [sic] my balance I hugged him to prevent him from harming me anymore ... [T]he gaurds [sic] attack me with the electric shocker, punched pounded me, and one of them squeezed his foot on my ... head.

(D.E. 1, at 2-3). Because this claim against Defendant Flores invites the Court to call into question the assault conviction, it is barred by Heck. In addition, Plaintiff's claim against Nueces County is also precluded by Heck because its success similarly depends on contradicting the jury's finding on the assault conviction. (D.E. 53-8, at 7).

In summation, Plaintiff's claims are barred by his conviction for assault on a public servant. To the extent that Plaintiff premises asserting state law assault and battery claims on this same factual predicate, those claims are dismissed as well. See Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000) (dismissing as Heck-barred state law claims that "are premised on the same basis advanced in support of his constitutional claim").[2]

## VI. CONCLUSION

For the aforementioned reasons, Defendants' motions for summary judgment, (D.E. 53, 54), are GRANTED, and this action is DISMISSED.

ORDERED this 24th day of April 2012.

                                                  BRIAN L. OWSLEY
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Because this action is barred by Heck, it is not necessary to discuss Defendants' alternative arguments that Plaintiff's claims also fail on the basis of exhaustion, qualified immunity, and because he has not shown why municipal liability should be imposed. (D.E. 53, at 8, 13, 15; D.E. 54, at 14).