IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO MARTINEZ | § | |
|    TDCJ-CID #1768942 | § | |
| v. | § | C.A. NO. C-11-081 |
| | § | |
| OFFICER FLORES, ET AL. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDER**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), who is currently incarcerated at the Jester IV Unit in Richmond, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). On April 24, 2012, defendants' motions for summary judgment were granted, and plaintiff's action was dismissed. See generally Martinez v. Flores, C-11-081, 2012 WL 1435740 (S.D. Tex. Apr. 24, 2012) (unpublished). Final judgment was entered that same day. (D.E. 84). Pending is Plaintiff's motion for reconsideration. (D.E. 91). For the reasons that follow, Plaintiff's motion for reconsideration is denied.

### I. PROCEDURAL BACKGROUND AND EVIDENCE

Plaintiff filed this action on March 24, 2011 concerning an encounter with Defendant Robert Flores, an officer with the Nueces County Sheriff's Office, alleging excessive force during an arrest. (D.E. 1). On April 21, 2011, Defendants Flores and Nueces County submitted their answer. (D.E. 5). In the meantime, Plaintiff was indicted for assault on a public servant, (D.E. 53-7, at 1), but was found incompetent to stand trial by the 347th Judicial District Court of Nueces County, Texas. (D.E. 17). This Court subsequently issued an order on July 14, 2011 temporarily staying this action pending Plaintiff's competency evaluation. (D.E. 19).

In a January 24, 2012 hearing, the parties informed the Court that the criminal case had been set for trial after it was determined that Plaintiff was competent to stand trial. Both

Defendants and Plaintiff's guardian ad litem agreed to wait until after the conclusion of the criminal trial before proceeding in this civil action. On January 31, 2012, a jury found Plaintiff guilty of assaulting a public servant, and he agreed to a sentence of five years imprisonment by the TDCJ. (D.E. 43).

On March 12, 2012, Defendants filed their motions for summary judgment. (D.E. 53, 54). No response pertaining to these motions was filed by Plaintiff. On April, 24, 2012, plaintiff's claims were dismissed and final judgment was entered. (D.E. 84).

On May 10, 2010, Plaintiff was arrested on an outstanding warrant and taken into custody by deputies with the Nueces County Sheriff. (D.E. 53-4, at 4, 12). The next day, he was in a holding cell when a nurse offered to give him medication. (D.E. 1, at 1; D.E. 53-3, at 7). He refused to take the medicine and demanded that the nurse provide him with his correct medication. (D.E. 1, at 1; D.E. 53-3, at 7). Plaintiff and Defendant Flores, who was escorting the nurse, then became engaged in a physical struggle. (D.E. 1, at 2; D.E. 53-3, at 7). No formal grievances were filed by Plaintiff with the Nueces County Jail. (D.E. 53-4, at 1-49).

Following this incident, Plaintiff was named in a criminal indictment for assault on a public servant. (D.E. 53-7, at 1). After a jury trial, he was found guilty and sentenced to five years imprisonment. (D.E. 53-10, at 1).

## II.  DISCUSSION

**A.      Plaintiff's Motion Is Untimely.**

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Defendants' motions for summary judgment were granted on April 24, 2012. See generally Martinez, 2012 WL 1435740. This motion was due no later than May 22,

2012. His motion for reconsideration was undated, but was date-stamped on June 14, 2012, (D.E. 91, at 4), and thus was timely filed.

**B.     Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.     Plaintiff's Claims Are Barred By Heck v. Humphrey.**

Plaintiff essentially claimed that on May 11, 2010, Defendant Flores utilized excessive force against him by assaulting him in accordance with a custom, policy, or practice of the Nueces County Sheriff's Office. (D.E. 1). However, he was convicted of assault on a public servant for choking Officer Flores during the encounter in the Nueces County Sheriff's Office. (D.E. 53-7, at 1; D.E. 53-10, at 1). Defendants assert that Plaintiff's claims against them are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a ruling in his favor "would nullify the jury's finding in the state criminal proceedings that he assaulted Officer Flores." (D.E. 53, at 7; D.E. 54, at 7).

The Heck Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." 512 U.S. at 486-87. The Fifth Circuit has explained that "[i]t is well-settled under Heck that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008) (quoting Heck, 512 U.S. at 486-87). Thus, unless "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim," a plaintiff must show that his conviction has been overturned in order to pursue a § 1983 claim. Id. at 498.

Plaintiff was indicted for assaulting a public servant on May 11, 2010 for "intentionally, knowingly, or recklessly caus[ing] bodily injury to Robert Flores by impeding the airway of Robert Flores ... know[ing] that the said Robert Flores was ... a public servant." (D.E. 53-7, at 1). He was convicted of that very charge, (D.E. 53-10, at 1), and he has not alleged that this conviction was overturned.

By pursuing this action, Plaintiff is essentially contesting the facts underlying his indictment and conviction. In DeLeon v. City of Corpus Christi, 488 F.3d 649 (5th Cir. 2007), the Fifth Circuit held that a plaintiff's § 1983 claim for excessive force was barred by his guilty plea to aggravated assault on a public servant because his claim was predicated on his innocence of the assault. Id. at 656-57. As the court explained, "the complaint maintains that he did nothing wrong, that he simply defended himself, against mace, baton, and then gun, as the violence escalated." Id. at 656. Likewise, Plaintiff maintains that Defendant Flores was the true

4

aggressor during the struggle that formed the factual basis of both his assault conviction and his civil complaint:

> [A]ll of a sudden [Defendant Flores] attacks me with the steel metal door and I put my left hand on the door to prevent harm and he claims I attacked him that is a lie then he runs inside the cubicle cell and tackles me assaulting me with his body ... to prevent further imminent harm when I was loosing [sic] my balance I hugged him to prevent him from harming me anymore ... [T]he gaurds [sic] attack me with the electric shocker, punched pounded me, and one of them squeezed his foot on my ... head.

(D.E. 1, at 2-3). Because this claim against Defendant Flores invites the Court to call into question the assault conviction, it is barred by Heck. In addition, Plaintiff's claim against Nueces County is also precluded by Heck because its success similarly depends on contradicting the jury's finding on the assault conviction. (D.E. 53-8, at 7). Consequently, Plaintiff's claims are barred by his conviction for assault on a public servant. To the extent that Plaintiff premises asserting state law assault and battery claims on this same factual predicate, those claims are dismissed as well. See Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000) (dismissing as Heck-barred state law claims that "are premised on the same basis advanced in support of his constitutional claim").

In the pending motion for reconsideration, Plaintiff alleges that Defendants' summary judgment evidence "was all lies, fraud, extortion and a scam they falsified including the Corpus Christi Police Report...." (D.E. 91, at 1). He further asserts that his criminal defense attorney was an accomplice in the alleged violation of his civil rights. Id. Finally, he claims that he was hypnotized and molested, and that there are videos to support this claim. Id.[1] Because Plaintiff does not provide any support for his claims, reconsideration is not warranted.

---

[1] Plaintiff also asserts that he is raising criminal civil rights violations, (D.E. 91, at 1) (citing 18 U.S.C. §§ 241, 242), but this is a civil action. Any charges for criminal civil rights violations must be filed by the United States Attorney.

## III.  CONCLUSION

For the aforementioned reasons, Plaintiff's motion for reconsideration, (D.E. 91), is DENIED.

ORDERED this 28th day of June 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE