IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO MARTINEZ | § | |
| | § | |
| v. | § | C.A. NO. C-11-081 |
| | § | |
| OFFICER FLORES, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE

This civil rights action was filed by an individual pursuant to 42 U.S.C. § 1983 alleging excessive force during an arrest. (D.E. 1). After filing this action, plaintiff was convicted by a jury of assaulting a public servant. (D.E. 49, at 1). Pending is plaintiff's motion to transfer venue to the Houston Division. (D.E. 98).

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In this case, defendants work in Nueces County, Texas, which lies within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 124(b)(6). Venue is proper in this division. Moreover, on April 24, 2012, defendants' motions for summary judgment were granted, and plaintiff's action was dismissed. See generally Martinez v. Flores, C-11-081, 2012 WL 1435740 (S.D. Tex. Apr. 24, 2012) (unpublished). Final judgment was entered that same day. (D.E. 84). Consequently, a transfer of venue would be futile as this action has been dismissed.

Accordingly, plaintiff's motion to transfer venue to the Houston Division, (D.E. 98), is DENIED.

ORDERED this 19th day of July 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE